UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUFFALO AIRWAYS LTD. , <br><br> Plaintiff, <br><br> v. <br><br> AIRSTRIKE FIREFIGHTERS LLC ET AL, <br><br> Defendants. | CASE NO. 2:23-cv-01589 <br><br> ORDER TO SHOW CAUSE |

The Court raises this matter on its own accord to determine whether to stay this action as to all Defendants pending the completion of Defendant Airstrike Firefighters LLC's ("Airstrike") state-court receivership proceeding.

On September 9, 2024, Defendants filed a notice of receivership and automatic stay, informing the Court "that on September 6, 2024[,] Airstrike Firefighters, LLC ("Debtor / Respondent") executed an assignment for benefit of creditors pursuant to RCW 7.08, et. seq." Dkt. No. 24 at 1. As a result, proceedings in this Court against Airstrike are automatically stayed pending completion of the state-court receivership proceedings. *Id.*; *see also* RCW 7.60.110. By contrast,

**ORDER** TO SHOW CAUSE - 1

proceedings in this Court against Defendants William Douglass and Scott Schorzman remain active.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The power extends to stays pending resolution of separate proceedings and does not require the issues in such proceedings be determinative of the action before the Court. *Leyva v. Certified Grocers*, 593 F.2d 857, 863-64 (9th Cir. 1979). Nor does it require that "the parties to the two causes ... be the same and the issues identical." *Landis*, 299 U.S. at 254. The power to stay also includes the power to do so sua sponte. *Doyle v. One W. Bank, N.A.*, 2015 WL 4605776, at *3 (C.D. Cal. May 21, 2015). In determining whether a stay is appropriate, the Court must weigh various interests, including: (1) the possible damage to result from granting the stay; (2) the hardship to the parties if the suit proceeds; and (3) the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). *See generally Aprahamian v. Field Asset Servs., Inc.*, 2023 WL 6881023, at *3 (C.D. Cal. Oct. 16, 2023).

The Court invites the parties to submit briefing showing cause as to why, or why not, the Court should stay this action as to all Defendants pending resolution of Airstrike's state-court receivership proceeding. In particular, the Court invites the parties to articulate any hardships that may result from granting the stay or, alternatively, allowing the suit to proceed. The parties' responses to this Order to

**ORDER** TO SHOW CAUSE - 2

Show Cause, if any, should not exceed SIX (6) pages and must be filed within FOURTEEN (14) days of this Order.

It is so ORDERED.

Dated this 20th day of November, 2024.

Jamal N. Whitehead
United States District Judge