UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUFFALO AIRWAYS LTD. , <br><br> Plaintiff, <br><br> v. <br><br> AIRSTRIKE FIREFIGHTERS LLC ET AL, <br><br> Defendants. | CASE NO. 2:23-cv-01589 <br><br> ORDER GRANTING STIPULATED MOTION TO WITHDRAW AS COUNSEL OF RECORD |

This matter comes before the Court on the parties' stipulation to the withdrawal of Lasher Holzapfel Sperry & Eberson, PLLC ("LHSE") as counsel of record for Defendants Airstrike Firefighters, LLC ("Airstrike") and Scott Schorzman ("Schorzman"). Dkt. No. 25. For the reasons explained below, the Court GRANTS the stipulated motion.

District courts have discretion to approve or deny a motion to withdraw as counsel. *See McNall v. Pac. Ret. Servs., Inc.*, 859 F. App'x 48, 49 (9th Cir. 2021). "In deciding whether to grant a request to withdraw, the Court must consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and

**ORDER** GRANTING STIPULATED MOTION TO WITHDRAW AS COUNSEL OF RECORD - 1

(4) the degree to which withdrawal will delay the resolution of the case." *United States v. Centene Corp.*, No. 2:21-CV-01542, 2022 WL 17403447, at *1 (W.D. Wash. Dec. 2, 2022).

Here, the Court finds that withdrawal of counsel will not unduly prejudice the litigants, harm the administration of justice, or delay resolution of this case. Defendant William Douglass, who will not be unrepresented, states an intention to file a Chapter 7 bankruptcy proceeding. *Id.* at 2. Defendant Schorzman, who will be unrepresented, affirmatively requests LHSE to withdraw so he may communicate directly with Plaintiff's counsel without incurring legal expenses. *Id.* Defendant Airstrike, who will be unrepresented, has entered state receivership proceedings; therefore, this action is stayed as to Airstrike. Dkt. No. 24; RCW 7.60.110. All parties have stipulated to withdrawal of counsel. *See* Dkt. No. 25. As such, the factors weigh in favor of approving withdrawal.

The Court also finds that the parties have complied with the rules governing withdrawal. "A stipulation and proposed order for withdrawal must (1) be signed by all opposing counsel or pro se parties, and (2) be signed by the party's new counsel, if appropriate, or by the party. If a withdrawal will leave a party unrepresented, the motion to withdraw must include the party's address and telephone number." LCR 83.2(b)(1). The parties have satisfied these requirements. *See* Dkt. No. 25.

Additionally, the parties have complied with the requirements governing unrepresented business entities. Generally, "[a] business entity… must be represented by counsel." LCR 83.2(b)(4); *see Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-2 (1993). Therefore, "[i]f the

**ORDER** GRANTING STIPULATED MOTION TO WITHDRAW AS COUNSEL OF RECORD - 2

attorney for a business entity… is seeking to withdraw, the attorney shall certify to the court that [they have] advised the business entity that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in… entry of default against the business entity as to any claims of other parties." LCR 83.2(b)(4). Here, Airstrike will be unrepresented. However, the parties anticipate that "remaining issues Plaintiff has pertaining to Airstrike are to be adjudicated as a claim in [Airstrike's] receivership." Dkt. No. 25 at 3. And LHSE certifies—and Airstrike's receiver stipulates—that LHSE has advised the receiver that "in the unlikely event the stay is lifted as to Airstrike as to this case, failure to obtain replacement counsel for Airstrike may result in default." *Id.* This certification is sufficient. Defendant Airstrike, through its receiver, has fair notice that it must be represented by counsel if its receivership ends and proceedings against it resume in this Court.

In sum, the Court GRANTS the motion for withdrawal of counsel and deems Airstrike and Schorzman to be presently unrepresented. Additionally, the Court ORDERS the parties to notify the Court as to when Airstrike's receivership has ended and the stay is lifted. Such notice shall be filed within FOURTEEN (14) days of the termination of receivership proceedings.

Dated this 20th day of November, 2024.

Jamal N. Whitehead
United States District Judge