UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUFFALO AIRWAYS LTD. ,<br><br>Plaintiff,<br><br>v.<br><br>AIRSTRIKE FIREFIGHTERS LLC ET AL,<br><br>Defendants. | CASE NO. 2:23-cv-01589<br><br>ORDER STAYING CASE |

The Court raises this matter on its own accord. For the reasons explained below, the Court STAYS this action in its entirety through the completion of the state-court receivership of Defendant Airstrike Firefighters, LLC ("Airstrike").

On September 9, 2024, Defendants filed a notice of receivership and automatic stay, informing the Court "that on September 6, 2024[,] Airstrike Firefighters, LLC… executed an assignment for benefit of creditors pursuant to RCW 7.08, et. seq." Dkt. No. 24 at 1. As a result, proceedings in this Court against Airstrike were automatically stayed pending completion of the state receivership proceeding. *Id.*; *see also* RCW 7.60.110. By contrast, proceedings in this Court against Defendants William Douglass and Scott Schorzman remained active.

**ORDER** STAYING CASE - 1

On November 20, 2024, the Court invited "the parties to submit briefing showing cause as to why, or why not, the Court should stay this action as to all Defendants pending resolution of Airstrike's state-court receivership proceeding." Dkt. No. 26. Plaintiff Buffalo Airways Ltd. ("Buffalo Airways") responded to the Court's Order, "agree[ing] that a stay of this action in its entirety is appropriate through the completion of the receivership of Airstrike Firefighters, LLC." Dkt. No. 28. Likewise, Defendants Douglass and Schorzman support a stay. Dkt. Nos. 30, 31.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The power extends to stays pending resolution of separate proceedings and does not require the issues in such proceedings be determinative of the action before the Court. *Leyva v. Certified Grocers*, 593 F.2d 857, 863-64 (9th Cir. 1979). Nor does it require that "the parties to the two causes ... be the same and the issues identical." *Landis*, 299 U.S. at 254. The power to stay also includes the power to do so sua sponte. *Doyle v. One W. Bank, N.A.*, 2015 WL 4605776, at *3 (C.D. Cal. May 21, 2015). In determining whether a stay is appropriate, the Court must weigh various interests, including: (1) the possible damage to result from granting the stay; (2) the hardship to the parties if the suit proceeds; and (3) the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

Here, the Court finds that the interests of the parties and of justice warrant a stay. No parties indicate that hardship will result from a stay. Buffalo Airways, as Plaintiff, endorses a stay. Requiring this suit to proceed under the present circumstances would benefit neither the parties nor the Court.

Accordingly, the Court STAYS this action in its entirety pending completion of the state-court receivership proceeding of Defendant Airstrike Firefighters, LLC. Additionally, the Court reiterates its earlier Order instructing the "parties to notify the Court as to when Airstrike's receivership has ended… within FOURTEEN (14) days of the termination of receivership proceedings." *See* Dkt. No. 27 at 3.

It is so ORDERED.

Dated this 11th day of December, 2024.

Jamal N. Whitehead
United States District Judge

**ORDER** STAYING CASE - 3